IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C & S MANUFACTURING, INC., et al., : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | No. 09-653 |
| : | |
| JANET NAPOLITANO, et al., : | |
| : | |
| Defendants. : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                       **FEBRUARY 18, 2010**

Presently before the Court is Defendants' "Motion to Dismiss Complaint for Writ of Mandamus." For the reasons set forth below, the Motion will be granted.

**I.     FACTS**

On February 17, 2009, C & S Manufacturing, Inc. ("C & S"), Mi Ok Kim ("Kim") and Kim's family (collectively, "Plaintiffs") filed a "Complaint for Relief in the Nature of Mandamus and for Declaratory or Injunctive Relief" ("Complaint") against Defendants, the Secretary of Homeland Security, Janet Napolitano; the Attorney General of the United States, Eric H. Holder, Jr.; the Acting Deputy Director of United States Citizenship and Immigration Services ("USCIS"), Michael Aytes; the Acting Secretary of Labor, Edward C. Hugler ("Secretary Hugler"); and USCIS (collectively, the "Government"). In their Complaint, Plaintiffs allege four causes of action: (1) a violation of the Immigration and Nationality Act and the regulations thereunder ("INA") as a result of the Government's "denial of Plaintiffs' Petition and Adjustment of Status Applications"; (2) a violation of the INA as a result of the Government's "continued

refusal to adjudicate Plaintiffs' Motion to reopen"; (3) a violation of the Freedom of Information Act (the "FOIA"); and (4) a claim for injunctive relief. (Compl. at 12-13.)

The Complaint states that in or about October 1987, C & S submitted a labor certification request to the United States Department of Labor (the "Department of Labor") to assess whether the company could employ a foreign worker to fill a position with their business. (Id. ¶ 6.) On or about September 20, 1988, the Department of Labor approved C & S's labor certification request (the "Labor Certification"). (Id.) Based on the Labor Certification, C & S filed an employment-based petition with USCIS. (Id.) The Complaint alleges that the petition was approved, but as a result of the Government's delay, C & S lost their prospective employee.[1] (Id.)

On August 13, 2005, Kim and her family lawfully entered the United States. The Complaint states that "[i]n February 2006, C & S Manufacturing offered the position to Mi Ok Kim and she accepted." (Id. ¶ 7.) C & S then petitioned the Government to "substitute Ms. Kim as the beneficiary of the previously approved employment based petition" (the "I-140 Petition"). (Id.) Concurrently with the filing of the I-140 Petition, Kim and her family filed for adjustment of status to lawful permanent residents "so that the family could remain in the United States for Ms. Kim to work in the proffered position" (the "I-485 applications"). (Id.)

The Complaint asserts that on September 18, 2006, the Government denied the I-140 Petition solely because it could not locate the original Labor Certification in its file, but rather, "could only locate a copy of the Labor Certification." (Id. ¶ 41.) Plaintiffs further allege that on

---

[1] The Complaint also asserts that in or about December 2004, C & S filed a petition with the Government to substitute a new beneficiary to fill the open position. (Id. ¶ 31.) However, "[d]ue to excessive processing delays by the Defendants[,] C &[]S Manufacturing also lost that prospective employee to another business." (Id. ¶ 32.)

the basis of the denied I-140 Petition, the Government denied the I-485 applications as well. (Id.) Plaintiffs state that they filed a Motion to Reopen with the Government regarding the decisions denying the I-140 Petition and the I-485 applications. (Id. ¶ 44.) The Complaint asserts that "[i]nstead of adjudicating the Motion to Reopen, Defendants erroneously transferred the Motion to the [Office of Administrative Appeals (the "AAO")] as an Appeal." (Id. ¶ 48.) Plaintiffs claim that after a yearlong delay at the AAO, "the AAO transferred the case back to Defendants['] office where the Motion to Reopen had been originally filed for adjudication." (Id. ¶ 49.) Plaintiffs allege that the Government has still failed to adjudicate the Motion to Reopen and refuses to do so. (Id.) Plaintiffs also allege that the Government refuses to adjudicate the I-485 applications to completion. (Id. ¶ 52.) As a result, Plaintiffs claim that the Government has violated the Administrative Procedures Act (the "APA"). (Id. ¶ 64.)

On or about January 26, 2009, Plaintiffs filed a FOIA request with the Government for complete copies of their administrative files. (Id. ¶ 65.) The Complaint asserts that the Government has "failed to act upon this request in violation of the law." (Id. ¶ 66.)

In the Complaint's "Prayer for Relief," Plaintiffs request that the Court: (1) "[a]ssume jurisdiction of this matter"; (2) "[e]nter judgment in favor of Plaintiffs"; (3) "[o]rder the immediate adjudication of Plaintiffs' petition, adjustment of status application, and motion to reopen"; (4) "[o]rder Defendants to immediately furnish Plaintiffs' counsel with the approval notice of their I-140 Petition and I-485 applications"; (5) "[o]rder that the erroneously [sic] denials be immediately corrected or removed"; (6) "[d]eclare that Defendants' delay violated the law"; (7) "[d]eclare that Defendants' withholding of records violated the Freedom of Information Act"; (8) "[o]rder Defendants to produce the records that have been requested"; (9) "[g]rant

3

Plaintiffs reasonable attorneys fees, costs and other disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412"; and (10) "[a]ward such other and further relief as . . . this Court may deem just and necessary." (Id. at 13-14.)

On August 25, 2009, the Government filed the instant Motion, arguing that Plaintiffs' Complaint should be dismissed as moot because USCIS has already adjudicated the I-140 Petition and I-485 applications. The Government further argues that Secretary Hugler should be dismissed from the Complaint because the issue concerning the Labor Certification is now moot.

Specifically, on May 15, 2009, USCIS issued a letter to C & S in which it denied the I-140 Petition based on USCIS's determination that C & S is unable to pay Kim the salary it claims to have offered her.[2] The Government asserts that in this letter, "USCIS resolved [the Labor Certification] issue, admitting that they received and reviewed the Labor Certification. In fact, USCIS specifically stated that the Labor Certification did not serve as the basis for denial."[3] (Mot. to Dismiss at 5.) Finally, the Government alleges that Plaintiffs' FOIA claims should be dismissed because Plaintiffs failed to exhaust their administrative remedies at the time of the filing of their Complaint.

On June 15, 2009, Plaintiffs appealed the May 15, 2009 denial to the AAO. (Gov't's Reply at 2.) On September 21, 2009, the AAO issued a Notice of Derogatory Information to C & S, stating that it intends to dismiss Plaintiffs' appeal. (Id., Ex. A at 4.) C & S responded to the AAO on October 21, 2009.

---

[2] In the Government's Exhibit A, it is apparent that the date of the denial decision was May 15, 2009, rather than May 19, 2009, as stated in the Government's Reply. (Mot. to Dismiss, Ex. A at 1.)

[3] Based on the denial of the I-140 Petition, USCIS also denied the I-485 applications on May 15, 2009. (Mot. to Dismiss, Ex. A at 5-24.)

On November 13, 2009, Plaintiffs filed their Response to the Government's Motion. In their Response, Plaintiffs concede that the issue regarding the Labor Certification is now moot, but claim that the instant action is not moot because "Plaintiffs sought more than adjudication of the I-140 and I-485 applications." (Pls.' Resp. at 2.) Plaintiffs assert that they sought, among other things: (1) entry of judgment in favor of Plaintiffs; (2) an order directing the Government to "immediately furnish Plaintiffs' counsel with the approval notice of their I-140 Petition and I-485 applications"; (3) an order that the "erroneous[] denials be immediately corrected or removed"; and (4) an order granting Plaintiffs "reasonable attorneys fees, costs and other disbursements" and "such other and further relief as . . . this Court may deem just and proper." (Pls.' Resp. at 2-3.) Plaintiffs argue that instead of approving Plaintiffs' I-140 Petition and I-485 applications, the AAO "issued a Notice of Derogatory Information . . . ." (Id. at 3.) Finally, Plaintiffs assert that they have exhausted all administrative remedies relating to their FOIA claims. (Pls.' Resp. at 4-5.)

On November 25, 2009, the Government filed a Reply to Plaintiffs' Response, raising many of the same arguments it made in its Motion, but adding: (1) that this Court lacks jurisdiction under the APA to grant relief for Plaintiffs; and (2) that the FOIA claims are moot because "Plaintiffs have received the Labor Certification, and USCIS considered the Labor Certification in their May 15, 2009 Denial." (Gov't's Reply at 2-4.)

On January 26, 2010, Plaintiffs filed their Response to the Government's Reply ("Response to the Reply"). In their Response to the Reply, Plaintiffs concede that their FOIA claim is now moot (Pls.' Resp. to Reply at 7) and admit that "[t]he AAO has not yet issued a final decision" regarding Plaintiffs' appeal (id. at 3).

## II.     DISCUSSION

A case becomes moot when it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case or controversy requirement mandates that the parties "continue to have a 'personal stake in the outcome' of the lawsuit." Id. (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id. (quoting Lewis, 494 U.S. at 477).

In Ariwodo v. Hudson, the petitioner argued that a case or controversy existed because USCIS's notice of its intent to deny his petitions was not a final administrative decision. No. H-06-1907, 2006 U.S. Dist. LEXIS 68613, at *9 (S.D. Tex. Sept. 25, 2006). The court, however, found that USCIS's decision to notify the petitioner of its intent to deny his petitions nonetheless amounted to an adjudication on the merits. Id. Because the petitions had been adjudicated, the court concluded that the petitioner's request for a writ of mandamus to compel adjudication of the petitions was moot. Id.; see also Markandu v. Thompson, No. 07-4538, 2008 U.S. Dist. LEXIS 46136, at *7 (D.N.J. June 10, 2008) ("Federal courts have found that claims are moot or unripe in immigration mandamus actions to compel action by an agency once the agency begins to spin its bureaucratic cogs toward decision."). Here, the AAO stated in its Notice of Derogatory Information that it intends to dismiss Plaintiffs' appeal. In light of the above cases, we find that the Government has adjudicated Plaintiffs' I-140 Petition and I-485 applications, as evidenced by the AAO's statement that it intends to deny Plaintiffs' appeal.

Plaintiffs argue, however, that their action is not moot because they not only request

adjudication of their I-140 Petition and I-485 applications, but approval of the same. Plaintiffs appear to allege that jurisdiction exists under the APA. (Pls.' Resp. at 4.) Plaintiffs also maintain that this Court has jurisdiction to grant the relief they seek pursuant to 28 U.S.C. §§ 1361, 1651 and 1331, as well as the FOIA. (Id. at 5-6.) We will address each of these alleged bases for jurisdiction in turn.

### 1. The APA

The APA authorizes a reviewing court to compel agency action unlawfully withheld or unreasonably delayed in certain circumstances. 5 U.S.C. § 706(1). "To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005). For agency action to be "final," "the action must mark the 'consummation' of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature." Bennett v. Spear, 520 U.S. 154, 177-78 (1997) (citation omitted); see also Pinho, 432 F.3d at 200. As previously noted, the AAO stated in its Notice of Derogatory Information that it intends to dismiss Plaintiffs' appeal. The Court does not consider this to be a final agency action.

Moreover, the Supreme Court has emphasized that "the only agency action that can be compelled under the APA is action legally *required*." Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004) (emphasis in original). "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Id. at 64 (emphasis in original). Even where the agency is required to act within a certain period of time, "but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be." Id. at 65.

Section 1255(a) of the INA provides that the status of an alien who has been admitted or paroled into the United States "*may* be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ."[4] 8 U.S.C. § 1255(a) (emphasis added); see also Jian Chun Shi v. Napolitano, No. 09-4608, 2009 U.S. Dist. LEXIS 114722, at *9 (E.D. Pa. Dec. 2, 2009) (stating that USCIS's decision to grant or deny adjustment of status is discretionary); Hoyoung Song v. Klapakas, No. 06-5589, 2007 U.S. Dist. LEXIS 27203, at *10 (E.D. Pa. Apr. 12, 2007) (same). An agency's decision to either grant or deny an I-140 petition is also a discretionary determination. Merchant v. U.S. Att'y Gen., 461 F.3d 1375, 1379 n.6 (11th Cir. 2006). Furthermore, § 1252(a)(2)(B)(i) of the INA provides that, notwithstanding any other provision of law, including the mandamus statute, "no court shall have jurisdiction to review any judgment regarding the granting of relief" under § 1255. 8 U.S.C. § 1252(a)(2)(B)(i); see also Pinho, 432 F.3d at 200 n.9 ("Section 1252(a)(2)(B) . . . strips the district courts of jurisdiction over discretionary agency determinations."). Section 1252(a)(2)(B)(ii) further precludes judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, because the decision of USCIS to grant or deny an application for adjustment of status is discretionary, the APA does not authorize the Court to compel USCIS to approve Plaintiffs' I-140 Petition and I-

---

[4] "The text of 8 U.S.C. § 1255(a) grants the Attorney General the discretion to determine status adjustments. The authority for such determinations has since been transferred to the Secretary of Homeland Security and USCIS." Lalo v. Mukasey, No. 08-2567, 2009 U.S. Dist. LEXIS 7761, at *7 n.2 (E.D. Pa. Feb. 2, 2009) (citing 6 U.S.C. § 271(b)(5)).

485 applications.

## 2. 28 U.S.C. § 1361 ("Section 1361")

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In Harmon Cove Condominium Association v. Marsh, the Third Circuit stated that "relief is available to a plaintiff under Section 1361 'only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, nondiscretionary duty.'" 815 F.2d 949, 951 (3d Cir. 1987) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). The court further explained:

> [I]n order for mandamus to issue, a plaintiff must allege that an officer of the Government owes him a legal duty which is a specific, plain ministerial act "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt.

Id. (quoting Richardson v. United States, 465 F.2d 844, 849 (3rd Cir. 1972) (en banc) (citations omitted), rev. on other grounds, 418 U.S. 166 (1974)). Thus, because we have already found that the Government does not have a "clear, nondiscretionary duty" to approve Plaintiffs' I-140 Petition and I-485 applications, such relief is not available to them under Section 1361. See Harmon Cove Condo. Ass'n, 815 F.2d at 951.

## 3. 28 U.S.C. § 1651 ("Section 1651")

This Court may issue all writs "necessary or appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "A writ of mandamus [under Section 1651] . . . . will issue only where the duty to be performed is ministerial and the

obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." Cent. S.C. Chapter, Soc. of Prof'l Journalists v. U.S. Dist. Court, 551 F.2d 559, 561-62 (4th Cir. 1977) (citing United States v. Wilbur, 283 U.S. 414, 420 (1931)). "[T]he writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion . . . ." Id. at 562 (citing Louisiana v. McAdoo, 234 U.S. 627, 633 (1913)). Accordingly, because it is within an agency's discretion to grant or deny an I-140 petition or an I-485 application, Section 1651 does not authorize the Court to compel the Government to approve Plaintiffs' I-140 Petition and I-485 applications.

### 4. 28 U.S.C. § 1331 ("Section 1331")

Pursuant to Section 1331, a federal district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Section 1331 "does not provide an independent source for subject matter jurisdiction, as the statute only confers jurisdiction in cases arising under the Constitution and laws of the United States. Accordingly, subject matter jurisdiction only exists if it is granted by the Mandamus Act or the APA." Maftoum v. Chavez, No. 07-12819, 2007 U.S. Dist. LEXIS 80491, at *8 (E.D. Mich. Oct. 31, 2007) (citation omitted); see also Zaigang Liu v. Novak, 509 F. Supp. 2d 1, 8 (D.D.C. 2007) (stating that Section 1331 "in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld"); Zalmout v. Gonzalez, No. 07-12575, 2007 U.S. Dist. LEXIS 78762, at *5 n.4 ( E.D. Mich. Oct. 24, 2007) ("28 U.S.C. § 1331 does not provide an independent source for subject matter jurisdiction . . . ."). Because this Court lacks jurisdiction under the APA, as well as under Sections 1361 and 1651, we are unable to exercise jurisdiction under Section 1331.

## 5. The FOIA

Pursuant to the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A district court has jurisdiction over a complaint brought under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Jurisdiction under this statute is based upon a plaintiff's showing that an agency has improperly withheld agency records. Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980).

As previously stated, Plaintiffs filed a FOIA request with the Government because the Government could not locate the original Labor Certification in its file. In their Response to the Reply, Plaintiffs concede that the issue regarding the FOIA is now moot. (Pls.' Resp. to Reply at 7.) We agree with Plaintiffs' concession and find that Plaintiffs are not entitled to injunctive relief under the FOIA.[5] See Brown v. U.S. DOJ, 169 Fed. Appx. 537, 540 (11th Cir. 2006) ("[A]s [plaintiff] has received the documents [sought], the issue has become moot and [plaintiff] is not entitled to injunctive relief under the FOIA."); see also Lovell v. Alderete, 630 F.2d 428, 431 (5th Cir. 1980) (affirming dismissal of FOIA action because plaintiff received documents

---

[5] "[A] determination of mootness neither precludes nor is precluded by an award of attorneys' fees." Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980); see also Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 214 (3d Cir. 2003) (concluding that while plaintiff's request for injunctive and declaratory relief was moot, her claims for attorneys' fees remained viable); Lovell, 630 F.2d at 431 ("Even though [plaintiff's] suits were mooted by the production of the requested documents, mootness does not automatically preclude an award of attorney's fees."). Accordingly, Plaintiffs may file a Motion for Attorneys' Fees within fourteen (14) days of the date of this Memorandum and Order.

sought); Caton v. Norton, No. 04-439-JD, 2005 U.S. Dist. LEXIS 29205, at *36-39 (D.N.H. 2005) (granting motion to dismiss complaint as moot where agency's "explanations leave no room for any real possibility that further documents exist which are responsive to [plaintiff's] request").

An appropriate Order follows.